UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL PAYETTE,

    Plaintiff,

v.                                                                      Case No. 2:09-cv-279
                                                                    HON. ROBERT HOLMES BELL

JEFFREY BRIGGS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Payette, an inmate currently confined at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Jeffrey Briggs. Plaintiff's remaining claim is for a violation of his First Amendment rights.

Plaintiff alleges in his complaint that on April 7, 2008, defendant Briggs put grievances into plaintiff's cell, referring to them as "petty-ass-bullshit grievances." Plaintiff asked if he had any outside mail, and defendant responded, "No." However, plaintiff noted that defendant was carrying a letter addressed to plaintiff. Plaintiff then asked for his letter and defendant refused, stating that plaintiff could not have his letter because he filed so many grievances. As defendant walked away from the cell, he yelled that plaintiff was his "girl." Defendant also stated:

> You ain't nothing but a fuck boy. You file all these meaningless grievances and shit. You're a piece of shit convict who I have to pay taxes for. I bet I know why you're in prison! It has something to do with diapers doesn't it? I'm the one buying all of your food you stupid fuck! Your [sic] a white man trying to perpetrate [sic] a black man.

Plaintiff again asked for his letter and defendant told him to file a grievance. Plaintiff claims that the mail contained legal documents. An unknown sergeant later came to plaintiff's cell and threatened him with a ticket. When plaintiff told him that defendant was the problem, the sergeant stated that he did not care. Plaintiff states that later that day, defendant challenged him to a physical fight while plaintiff was at chow.

On July 29, 2008, plaintiff asked defendant to stop harassing him. Defendant responded, "Fuck you, go lock up! Grieve it bitch." Defendant later walked by plaintiff's cell and called plaintiff his "girl" and his "slut." When defendant let plaintiff out for chow, he threatened to "fuck" with plaintiff for filing grievances on him. Defendant later called plaintiff his "sexy bitch" and told him to shake his "ass."

On July 30, 2008, plaintiff attempted to resolve the issue with defendant, but defendant merely stated, "Eat my cum." Plaintiff later told defendant that he was filing a lawsuit against him for sexual harassment, and defendant stated, "That's okay, I am still going to fuck you." Defendant again referred to plaintiff as "she" and a "fuck boy," and stated:

> You're gonna eat me up one day, you wait and see. You're gonna be my cum guzzler. Put that in your next grievance!

Plaintiff states that defendant's inappropriate comments continued the next day. Defendant has moved for summary judgment. Plaintiff did not file a responsive pleading.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that defendant retaliated against him for filing grievances on defendant for not delivering plaintiff's mail. Plaintiff asserts that the harassing and threatening comments were retaliatory. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037

(6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant denies making harassing or rude comments to plaintiff. Defendant states that he delivered all mail addressed to plaintiff and did not withhold plaintiff's mail. Plaintiff has failed to support his claims with any factual evidence. While it is unfortunate that statements may have been made or that plaintiff's mail may have been withheld, plaintiff has not shown that any delay in receipt of his mail or any failure to receive his mail caused him harm. In the opinion of the undersigned, plaintiff's claims, at best, are speculative and unsupported in the record. It is recommended that plaintiff's retaliation claim be dismissed.

Similarly, plaintiff is asserting that he was denied access to the courts by the deprivation of legal mail. Plaintiff has made no effort to describe the missing legal mail. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of

legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Plaintiff has not alleged or shown any actual injury as a result of the alleged denial of legal mail.

Alternatively, defendant moves for dismissal based upon qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendant is entitled to qualified immunity.

Accordingly, it is recommended that defendant's motion for summary judgment (Docket #12) be granted and this case be dismissed in its entirety.[1]

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2011

---

[1] To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).